UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-23714-CIV-UNGARO/TORRES

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE subscriber assigned
IP address 99.169.76.167,

    Defendant.

_____/

**ORDER GRANTING MOTION FOR LEAVE TO SERVE A
THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

    This matter is before the Court on Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference ("Motion").[1] [D.E. 4]. The Court has reviewed the motion, relevant authorities, and the record in the case. For the following reasons, the Motion is **GRANTED**.

    1.    Plaintiff established that "good cause" exists for it to serve a third party subpoena on the Internet Service Providers listed on AT&T U-verse (the "ISP"). *See UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

    2.    Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to

---

[1] The Honorable Ursula Ungaro referred this motion to the undersigned Magistrate Judge for disposition. [D.E. 11].

the Complaint. Plaintiff shall attach to any such subpoena a copy of the Complaint, the Motion and this Order.

      3.      Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

      4.      If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of the Complaint, the Motion and this Order to the Defendant.

      5.      The subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers. If necessary, the Court shall resolve any disputes between the ISP and

Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

6.     Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of November, 2013.

>  */s/ Edwin G. Torres*
>  EDWIN G. TORRES
>  United States Magistrate Judge